UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
                                                :
MARK B. WEINRAUB,                               :
                                                :
                        Plaintiff,              :
                                                :
        - against -                             :
                                                :        <u>OPINION AND ORDER</u>
                                                :
GLEN RAUCH SECURITIES, INC.,                    :
BEAR STEARNS & CO., NASD                        :        05 Civ. 4072 (SAS)
DISPUTE RESOLUTION, INC.,                       :
VALLEY NATIONAL BANK, MARK                      :
MENDLEY, DAVID C. CARTER, and                   :
DAVID R. BOLNICK,                               :
                                                :
                        Defendants.             :
-----------------------------------------------------X

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.    INTRODUCTION

        Mark B. Weinraub brings this action, asserting a plethora of federal

and state-law claims, to recover from his former broker over half a million dollars

in trading losses resulting from the demise of Weinraub's margin trading account

in 2000.  Many of these claims have already been rejected by a panel of

arbitrators, the New York trial court, and the New York appellate court.  Plaintiff

now invokes this Court's jurisdiction to press essentially the same allegations yet

again, as well as new allegations of malfeasance committed by the arbitrators who

ruled against him, and the bank that collected a judgment against him based on the arbitration award. For the following reasons, the motions to dismiss brought by all defendants are granted. Furthermore, the Court must consider sanctions against plaintiff and plaintiff's counsel pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and Rule 11 of the Federal Rules of Civil Procedure.

## II.   BACKGROUND

### A.   The Parties

Weinraub, a New Jersey resident, is a dissatisfied customer of broker Glen Rauch Securities ("Glen Rauch"), which along with Bear Stearns & Company ("Bear Stearns"), will be referred to collectively as the "Broker Defendants."[1] Weinraub is also suing the National Association of Securities Dealers ("NASD") Dispute Resolution, Inc., and individual defendants Mark Mendley, David Carter and David Bolnick (collectively, the "Arbitrator

---

[1]     *See* Amended Complaint ("Complaint") ¶¶ 1-2. Weinraub's Complaint is difficult to parse, but it appears that Weinraub was a customer of Glen Rauch, and that a subsidiary of Bear Stearns in turn acted as clearing broker for Glen Rauch. *See id.* ¶¶ 15, 21; *see also* Plaintiff's Memorandum of Law in Opposition to Defendants Glen Rauch Securities, Inc., Bear Stearns and Co., and Valley National Bank Motion to Dismiss Amended Complaint ("Pl. Brokers Opp.") at 8 (Bear Stearns was "the clearing house for the margin account"). The Complaint also misidentifies Bear Stearns as "Bear Sterns."

Defendants"), who conducted an arbitration proceeding from June 2000 to April 2002 initiated by Weinraub against, inter alia, Glen Rauch and Bear Stearns.[2] Finally, Weinraub alleges that defendant Valley National Bank ("Valley") "improperly collected" a judgment of $143,827 obtained by Glen Rauch in the arbitration proceeding and subsequent proceedings in the New York state courts.[3]

Weinraub invokes this Court's jurisdiction on numerous grounds: diversity;[4] federal question based on violations of the securities laws;[5] the Federal Arbitration Act;[6] federal question jurisdiction based on violations of federal civil rights law;[7] original jurisdiction based on violations of Weinraub's Equal Protection and Due Process rights; and pendent and ancillary jurisdiction.[8]

**B.     Weinraub's Margin Account**

---

[2]      *See* Complaint ¶¶ 1-2.

[3]      *See id.* ¶¶ 2, 72.  Glen Rauch is a wholly-owned subsidiary of Valley. *See id.* ¶ 97.

[4]      *See id.* ¶ 45; *see also id.* ¶ 46 ("all of the other Defendants are New York residents except Valley").

[5]      *See id.* ¶ 47 (alleging that defendants "breached duties" to Weinraub arising under the Securities Act and the Securities Exchange Act).

[6]      *See id.* ¶ 48.

[7]      *See id.* ¶ 49 (alleging a violation of 42 U.S.C. § 1983).

[8]      *See id.* ¶¶ 50-51.

In October 1992, Weinraub opened a brokerage account with a firm called Jonathan Foster.[9] Weinraub's broker at this firm was his cousin Michael Weinraub.[10] When Michael Weinraub joined Glen Rauch in 1995, he took plaintiff's account with him.[11] Although plaintiff faults Glen Rauch for failing to execute a written "customer agreement" with him,[12] he continued to trade there.[13]

Plaintiff contends that Glen Rauch (and Michael Weinraub) ignored his desire to stop trading speculative securities on margin and transition into more conservative investments, and instead continued to recommend risky "tech stocks."[14] Indeed, Weinraub's account "consisted essentially entirely of speculative stocks purchased on margin."[15] This left him vulnerable to a decline in the high tech sector, which wiped out his margin account in 2000, costing him

---

[9]   *See id.* ¶ 18.

[10]   *See id.* ¶ 19.  Michael Weinraub is not a defendant in this action.

[11]   *See id.* ¶ 20.

[12]   *See id.* ¶¶ 11-14, 21, 58-59.

[13]   *See id.* ¶ 22 ("Weinraub traded with Michael at Glen Rauch for a number of years, using a Glen Rauch margin account without a customer signed agreement.").

[14]   *See id.* ¶¶ 23-24.

[15]   *Id.* ¶ 25.

over $500,000.[16] Weinraub alleges that his losses would have been prevented if the Broker Defendants had fulfilled their obligations to advise him of the virtues of a diversified portfolio, and reducing Weinraub's reliance on margin trading.[17]

## C. The Arbitration Proceeding

In June 2000, plaintiff commenced an arbitration proceeding against the Broker Defendants, and Michael Weinraub, before the NASD.[18] The gravamen of Weinraub's allegations in the arbitration was that, by allowing Weinraub to maintain "a highly leveraged" and "unreasonably risky" margin position, the Broker Defendants were negligent and breached their fiduciary duty, and also "failed to provide Plaintiff with material information [and] misstated [] material information."[19] Glen Rauch asserted a counterclaim against Weinraub for the outstanding debit balance in his margin account.[20] The case was heard by

---

[16]     *See id.* ¶ 27.

[17]     *See id.* ¶ 28; *see also id.* ¶ 26 (asserting that defendants ignored a joint statement by the NASD and the New York Stock Exchange, directing its members "to warn their customers that individual investors should continue to be advised about the risk of investing on margin.").

[18]     *See id.* ¶ 29. Weinraub claims that his former attorney mistakenly commenced this proceeding due to his misapprehension that a customer agreement between the parties compelled him to do so. *See id.* ¶¶ 17, 29, 32.

[19]     *Id.* ¶ 30; *see also id.* ¶ 31.

[20]     *See id.* ¶ 44.

defendants Mendley, Carter and Bolnick.[21]

Weinraub hurt his cause during the arbitration by failing to comply with deadlines for document production – failures he blamed on his former lawyer, who became ill soon after the filing of the claim.[22] As a result of this deficiency, the arbitration panel ruled on July 3, 2001 that Weinraub was "enjoined from presenting further evidence to the panel for consideration. Any such documents will be precluded."[23] Accordingly, aside from the testimony of Weinraub himself, the arbitrators considered only evidence submitted by the Broker Defendants.[24] The arbitrators denied Weinraub's claims and granted judgment for Glen Rauch on its counterclaim.[25] In the aftermath of this ruling, Weinraub asserts that defendant Valley damaged his credit and caused him embarrassment in its attempts to collect

---

[21]     *See id.* ¶ 29.

[22]     *See id.* ¶¶ 33-34, 36. Weinraub's current lawyer (and brother) took over as Weinraub's counsel right before the hearing. *See id.* ¶ 36.

[23]     *Id.* ¶ 35. The arbitrators also barred testimony from Weinraub's proffered expert witness, *see id.* ¶¶ 39-40, who "would have testified that the conduct of the Brokers was inconsistent with the proper custom and practice in the industry of asset allocation; and that [defendants] failed to comply with the 'suitability' and 'know thy customer' requirements." *Id.* ¶ 41.

[24]     *See id.* ¶¶ 38, 43.

[25]     *See id.* ¶ 44.

the judgment on behalf of Glen Rauch.[26]

## D.  Proceedings in New York Courts

Glen Rauch and Michael Weinraub commenced a special proceeding in the New York Supreme Court to confirm the arbitration award, and plaintiff filed a cross-motion to vacate the award.[27] The Supreme Court confirmed the award and denied Weinraub's cross-motion.[28] The court held that the arbitrators' preclusion of Weinraub's evidence was appropriate in light of Weinraub's continued refusal to provide discovery.[29] The court also held that Weinraub failed to meet his burden under New York law to show that misconduct in the arbitration resulted in prejudice to the party seeking to vacate,[30] as he never explained how

---

[26]    *See id.* ¶¶ 92-94, 97.

[27]    *See id.* ¶ 4.

[28]    *See generally Glen Rauch Sec., Inc. and Weinraub v. Weinraub*, No. 116419-02 (N.Y. Sup. Ct. Feb. 18, 2003) ("Sup. Ct. Op."), Ex. 3 to Declaration of David S. Smith, counsel to Glen Rauch, Bear Stearns and Valley ("Smith Decl."). The unreported decision of the New York Supreme Court can be considered by the Court on a motion to dismiss, as it is referenced in Weinraub's Complaint. *See, e.g., Chambers v. Time Warner Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002).

[29]    Sup. Ct. Op. at 4. The court also noted that the arbitration panel relaxed its earlier preclusion order, allowing Weinraub to testify on his own behalf, and permitting him to enter some documents into evidence. *Id.*

[30]    *See* N.Y. C.P.L.R. § 7511(b) (all grounds for vacating an arbitration award are premised on a court's finding prejudice to the moving party).

the precluded evidence was "pertinent and material."[31]  In a brief opinion, the

Appellate Division affirmed the Supreme Court in all respects.[32]

### E.  Weinraub's Claims

In this proceeding, Weinraub asserts six distinct causes of action

arising out of these facts. *First*, Weinraub accuses the Broker Defendants of

"violation[s] of securities laws" based on the management of his margin account.[33]

*Second*, he asserts that the Broker Defendants breached their fiduciary duty to

Weinraub.[34]  *Third*, Weinraub asserts that the Arbitrator Defendants violated his

civil rights, acting under color of state law.[35]  *Fourth*, Weinraub asserts that the

Arbitrator Defendants breached their contract with him "to provide a fair and

adequate Dispute Resolutions forum."[36]  *Fifth*, Weinraub asserts that Glen Rauch

and Valley committed "defamation of credit" in their efforts to collect Glen

Rauch's judgment, including reporting his delinquency to credit agencies and

---

[31]    Sup. Ct. Op. at 5.

[32]    *See generally Glen Rauch Sec., Inc. v. Weinraub*, 768 N.Y.S.2d 611 (1st Dept. 2003).

[33]    *See* Complaint ¶¶ 52-69.

[34]    *See id.* ¶¶ 70-74.

[35]    *See id.* ¶¶ 75-88.

[36]    *Id.* ¶ 89; *see also id.* ¶ 90.

harassment at his place of employment.[37]  *Sixth*, Weinraub alleges a conspiracy among all defendants to deprive him of his property.[38]

## III.  LEGAL STANDARD

### A.    Standard of Review

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss should be granted only if "'it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim[s] which would entitle [them] to relief.'"[39]  The court's task in ruling on a Rule 12(b)(6) motion is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof."[40]  When deciding a motion to dismiss, courts must accept all factual allegations in the complaint as true, and draw all reasonable inferences in plaintiffs' favor.[41]  Courts generally do not consider matters outside the pleadings but may consider documents attached to

---

[37]     *See id.* ¶¶ 91-94.

[38]     *See id.* ¶¶ 95-97.

[39]     *Weixel v. Board of Educ. of City of New York*, 287 F.3d 138, 145 (2d Cir. 2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

[40]     *Levitt v. Bear Stearns & Co., Inc.*, 340 F.3d 94, 101 (2d Cir. 2003) (quotation marks and citations omitted).

[41]     *See Chambers*, 282 F.3d at 152.

the pleadings, documents referenced in the pleadings, or documents that are integral to the pleadings.[42]

## B.   Res Judicata

Res judicata is a long-accepted principle that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."[43] Res judicata applies "if the earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same [claim or] cause of action."[44] A party may raise a res judicata defense in a motion to dismiss pursuant to Rule 12(b)(6).[45] A federal court must accord the same preclusive effect to a state court decision that a state court would

---

[42]     *See id.* at 152-53; *see also In re Initial Public Offering Sec. Litig.*, 241 F. Supp. 2d 281, 331 (S.D.N.Y. 2003).

[43]     *Allen v. McCurry*, 449 U.S. 90, 94 (1980). *Accord Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979) (res judicata, or claim preclusion, is a doctrine designed to "promote judicial economy from needless litigation").

[44]     *Cameron v. Church*, 253 F. Supp. 2d 611, 619 (S.D.N.Y. 2003) (quotation and citation omitted).

[45]     *See Thompson v. County of Franklin*, 15 F.3d 245, 253 (2d Cir. 1994).

give it.[46] In particular, final judgments in arbitration,[47] and state court judgments confirming arbitration awards,[48] are entitled to res judicata.

In New York, "'once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy.'"[49] In determining what "factual grouping" constitutes a "transaction" or "series of transactions," courts examine whether "the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage."[50]

---

[46]    See Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81 (1984); see also Jacobson v. Fireman's Fund Ins. Co., 111 F.3d 261, 265 (2d Cir. 1997) (same).

[47]    See, e.g., Jordan v. Metropolitan Life Ins. Co., No. 03 Civ. 4110, 2004 WL 1752822, at *4 (S.D.N.Y. Aug. 4, 2004) (NASD arbitration panels are courts of competent jurisdiction for res judicata purposes).

[48]    See, e.g., JSC Sec., Inc. v. Gebbia, 4 F. Supp. 2d 243, 250 (S.D.N.Y. 1998).

[49]    Brooks v. Giuliani, 84 F.3d 1454, 1463 (2d Cir. 1996) (quoting O'Brien v. City of Syracuse, 54 N.Y.2d 353, 357 (1981)). Accord Tonken v. Loving & Weintraub Inc., 22 F. Supp. 2d 86, 90 (S.D.N.Y. 1998) (same).

[50]    Smith v. Russell Sage College, 54 N.Y.2d 185, 192-93 (1981) (quotation and citation omitted).

## C.    Rule 11

Upon final adjudication of a securities fraud action, the PSLRA requires the court to make findings regarding each attorney's compliance with Rule 11(b).[51]  Rule 11(b) provides in relevant part:

> By presenting to the court . . . a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation [and] the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; [and that] the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.[52]

In determining whether a Rule 11 violation has occurred, the court should use an objective standard of reasonableness.[53]  The Supreme Court has cautioned that Rule 11 "must be read in light of concerns that it will . . . chill

---

[51]    *See* 15 U.S.C. § 78u-4(c)(1).

[52]    Fed. R. Civ. P. 11(b).

[53]    *Simon DeBartolo Group, L.P. v. Richard E. Jacobs Group, Inc.*, 186 F.3d 157, 166 (2d Cir. 1999) (Rule 11 "'establishes an objective standard, intended to eliminate any 'empty-head pure-heart' justification for patently frivolous arguments.'") (quoting Rule 11 Advisory Committee Note).

vigorous advocacy."[54] Thus, "[w]hen divining the point at which an argument turns from merely losing to losing and sanctionable" courts must "resolve all doubts in favor of the signer of the pleading."[55] Sanctions should only be imposed "'where it is patently clear that a claim has absolutely no chance of success.'"[56] Moreover, "[a] sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated."[57] "[T]he principal objective of the imposition of Rule 11

---

[54]     *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).

[55]     *Rodick v. City of Schenectady*, 1 F.3d 1341, 1350 (2d Cir. 1993).

[56]     *Caisse Nationale De Credit Agricole-CNCA v. Valcorp, Inc.*, 28 F.3d 259, 264 (2d Cir. 1994) (quoting *Healey v. Chelsea Res., Ltd.*, 947 F.2d 611, 626 (2d Cir. 1991)).

[57]     Fed. R. Civ. P. 11(c)(2). Sanctions provided for by the rule include: "directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation." *Id.* In addition, the PSLRA imposes a rebuttable presumption that, for "substantial" Rule 11 violations, the appropriate sanction is an award to the opposing party of the full amount of its reasonable fees and expenses. *See* 15 U.S.C. § 78u-4(c)(3)(A)(i)-(ii). Where a complaint combines frivolous with non-frivolous claims, the court must determine whether the non-frivolous claims "are of a quality sufficient to make the suit as a whole nonabusive and the Rule 11 violation not substantial." *Gurary v. Nu-Tech Bio-Med, Inc.*, 303 F.3d 212, 223 (2d Cir. 2002). Even if the violation is not substantial, "partial sanctions might still be assessable under ordinary Rule 11 standards to punish not the bringing of the whole suit, but only of the frivolous claim." *Id.*

sanctions is not compensation of the victimized party but rather the deterrence of baseless filings and the curbing of abuses."[58]

## IV.  DISCUSSION

There are two pending motions to dismiss this action.  One was filed jointly by the Broker Defendants and Valley, asserting that Weinraub's claims should be dismissed as to them on numerous grounds, including res judicata, the statute of limitations, and lack of diversity or supplemental jurisdiction over Weinraub's state-law claims.[59]  The Arbitrator Defendants submitted a separate motion to dismiss, asserting that the claims against them are barred by the statute of limitations, collateral estoppel, the doctrine of arbitral immunity, and the fact that NASD arbitrators are not state actors.[60]  For the following reasons, Weinraub's Complaint is dismissed in its entirety, as it is woefully deficient on both jurisdictional and substantive grounds.

### A.    Plaintiff Has Not Stated Any Viable Federal Claim

---

[58]    *Caisse Nationale De Credit Agricole-CNCA*, 28 F.3d at 266.

[59]    *See generally* Memorandum of Law of Defendants Glen Rauch Securities, Inc., Bear, Stearns & Co., Inc. and Valley National Bank in Support of Their Motion to Dismiss the Amended Complaint ("Brokers' Mem.").

[60]    *See generally* Memorandum of Law in Support of Dispute Resolution Defendants' Motion to Dismiss Plaintiff's First Amended Complaint ("Arbitrators' Mem.").

## 1. Weinraub's Complaint Fails to State a Claim for Violations of Federal Securities Laws

Weinraub alleges that the Broker Defendants violated federal securities laws, based on the management of his margin account and the faulty advice he received.[61] Weinraub's allegations in this regard are most characteristic of a securities fraud claim brought under section 10(b) of the Securities Exchange Act and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission.[62] However, a comparison between the claims Weinraub asserted in the arbitration and the allegations of his Complaint reveals that the securities fraud claim he now asserts is based on the same transactions that have already been the subject of litigation in three different forums.[63] Moreover, the New York Supreme

---

[61]     *See* Complaint ¶¶ 52-69; *see also id.* ¶ 47 ("[j]urisdiction is granted . . . under Federal securities law, the Securities Act and Securities Exchange Act").

[62]     *See id.* ¶ 69 ("Defendant Glen Rauch neglected to advise Plaintiff of material information necessary to make decisions upon his account."); *see also* Brokers' Mem. at 5 ("the only conceivable basis" for a federal securities law claim on these facts would be section 10(b) and Rule 10b-5).

[63]     *Compare* Statement of Claim Before the National Association of Securities Dealers, Inc. ¶ 4, Ex. 1 to Smith Decl. ("Claimant alleges that the investments were not suitable for him, that the Respondents made misrepresentations of material facts to Claimant regarding risk and safety of the investments involved, were negligent in the handling of the [account] of the Claimant in not adhering to Claimant's requests to get out of his margin position, [and] in effect churned the account of Claimant."); *and id.* ¶ 5 ("Respondents herein breached their fiduciary duty to the Claimant by disregarding his

Court already rejected the Complaint's related allegations that Glen Rauch violated his rights by failing to execute a signed written agreement with him.[64] Accordingly, claims arising out of the Glen Rauch margin account are barred by the doctrine of res judicata and must be dismissed.[65]

Weinraub's securities fraud allegations are deficient in several other respects. *First*, any federal securities fraud claim brought by Weinraub is now time-barred by the applicable statute of limitations, as he did not bring the claim within one year of discovery of the facts constituting the violation.[66] The latest

---

investment objectives and needs and allowing expenditures by the Claimant on margin interest."); *with* Complaint ¶ 63 ("Defendants advice to enter into a margin arrangement was not proper, was negligent, and a breach of fiduciary duty); *and id.* ¶¶ 69-74 (alleging, inter alia, that Broker Defendants "neglected to advise" Weinraub of material information pertaining to his account).

[64]     *Compare* Complaint ¶¶ 11-14, 21, 58-59; *with* Sup. Ct. Op. at 6-7 (rejecting Weinraub's argument that the absence of a written margin agreement mandates that the arbitration award be declared void as against public policy).

[65]     Res judicata also bars Weinraub's argument that the New York statute governing challenges to arbitration awards is unconstitutional, *see* Pl. Brokers Opp. at 4-6, because he could have raised that issue in the state court proceeding. *See, e.g., Schulz v. Williams*, 44 F.3d 48, 54-55 (2d Cir. 1994) (res judicata barred a challenge to the constitutionality of New York election law that could have been raised in state court).

[66]     *See* 15 U.S.C. § 78i(e) (repealed by implication in 2002) (action must be brought within one year after the discovery of the facts constituting the violation, and within three years after such violation).  Enactment of the Public Company Accounting Reform and Investor Protection Act of 2002

that Weinraub could have discovered the pertinent facts was June 2000, when he commenced arbitration proceedings. *Second*, the Complaint falls far short of the rigorous pleading standard for securities claims required by the PSLRA, which mandates that a plaintiff "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind."[67] The Complaint is devoid of allegations raising such an inference. *Third*, Weinraub fails to state any valid claim against Bear Stearns. Weinraub fails to allege that Bear Stearns had any control over his margin account, and the provision of clearing services does not by itself give rise to liability for violations committed by the primary broker (here, Glen Rauch).[68] *Finally*, Weinraub cannot state a valid cause of action based on violations of New York Stock Exchange and NASD rules

---

("Sarbanes-Oxley") lengthened the statute of limitations for securities fraud claims. *See* 28 U.S.C. § 1658(b) (action must be brought within two years of discovery of facts underlying the violation, and within five years of violation). However, as Weinraub's claim was time-barred before Sarbanes-Oxley was enacted, the new limitations period does not apply. *See In re Enterprise Mortgage Acceptance Co., LLC Sec. Litig.*, 391 F.3d 401, 406 (2d Cir. 2004) (holding that Sarbanes-Oxley's longer limitations period does not revive already stale claims).

[67]    15 U.S.C. § 78u-4(b)(2).

[68]    *See Greenberg v. Bear Stearns & Co.*, 220 F.3d 22, 28-29 (2d Cir. 2000).

and guidelines,[69] as these rules confer no private right of action.[70]

### 2. The Section 1983 Claims Against the Arbitrator Defendants Must Be Dismissed

Weinraub alleges that, by precluding evidence he sought to present at his arbitration hearing, the Arbitrator Defendants "refused to grant the Plaintiff Due Process and violated his civil rights under [section 1983 of Title 42 of the United States Code]," and similarly "violated the civil rights and the Constitutional rights of Due Process of Law and Equal protection of Plaintiff."[71] However, as Weinraub was explicitly informed before filing his Amended Complaint,[72] a viable claim under section 1983 requires that the defendant be a state actor, and it is well-settled that neither the NASD, nor its dispute resolution

---

[69]     *See* Complaint ¶¶ 26, 63, 65.

[70]     *See Tucker v. Janney Montgomery Scott*, No. 96 Civ. 1923, 1997 WL 151509, at *3 (S.D.N.Y. Apr. 1, 1997).

[71]     Complaint ¶¶ 83, 85; *see also id.* ¶ 84 ("the Arbitrators precluded evidence[,] violating Plaintiff's rights under color of state law because [] the Arbitrators improper power to do so was granted under NASD rules used to substitute for state law . . . and [the] NASD is liable for violating Plaintiff's civil rights through its rules and under law.").

[72]     *See* Arbitrators' Mem. at 10 (on June 24, 2005, "[Arbitrator Defendants] provided plaintiff with cases specifically holding that NASD is not a state actor for purposes of 42 U.S.C. § 1983").

subsidiary, qualifies as a state actor.[73]   Accordingly, all claims based on

constitutional violations by the Arbitrator Defendants must be dismissed.[74]

## B.     The Court Lacks Jurisdiction Over Weinraub's Non-Federal Claims

As Weinraub fails to state any valid federal claims, the next question

is whether there is any basis for jurisdiction over Weinraub's remaining claims of

breach of fiduciary duty (against the Broker Defendants), breach of contract

(against the Arbitrator Defendants), defamation (against Glen Rauch and Valley),

---

[73]     *See, e.g., D.L. Cromwell Invs., Inc. v. NASD Regulation, Inc.*, 279 F.3d 155, 162 (2d Cir. 2002) (citation omitted) ("[i]t has been found, repeatedly, that the NASD itself is not a government functionary"); *Desiderio v. NASD, Inc.*, 191 F.3d 198, 207 (2d Cir. 1999) (NASD's adoption of a rule requiring prospective brokers to submit employment disputes to arbitration is not state action, as NASD's rule was not "fairly attributable" to a state actor); *Scher v. NASD, Inc.*, — F. Supp. 2d — , No. 04 Civ. 6169, 2005 WL 1560508, at *5-6 (S.D.N.Y. July 4, 2005) (plaintiffs failed to demonstrate that NASD investigation constituted state action, when NASD itself is not a state actor, and when plaintiff failed to prove sufficiently close nexus between NASD action and a parallel criminal investigation).  Weinraub's opposition brief barely acknowledges, and utterly fails to distinguish, this controlling caselaw.

[74]     To the extent that Weinraub invokes the Federal Arbitration Act, 9 U.S.C. § 10, as an independent basis for subject-matter jurisdiction, *see* Complaint ¶ 48, he is mistaken. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Co.*, 460 U.S. 1, 25 n.32 (1983) ("[t]he Arbitration Act . . . creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction"); *see also Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 136 (2d Cir. 2002) (citation omitted) (there must be an independent basis of federal jurisdiction before a district court may entertain petitions under the Federal Arbitration Act).

and conspiracy (against all defendants). I find no such basis. *First*, there is no

diversity jurisdiction because Weinraub, a New Jersey resident, named a New

Jersey corporation (Valley) as a defendant,[75] and diversity jurisdiction requires

complete diversity between plaintiff and defendants.[76] *Second*, when all federal

claims have been dismissed, courts usually decline to exercise supplemental

jurisdiction over remaining state law claims.[77] There is no reason to depart from

that general rule here.[78]

---

[75]     *See* Articles of Association of Valley National Bank at 1, Ex. 1 to
6/16/05 Affidavit of Alan D. Eskow, Executive Vice President of Valley National
Bank (stating that Valley maintains its principal executive offices in New Jersey).
"[W]here jurisdictional facts are placed in dispute, the court has the power and
obligation to decide issues of fact by reference to evidence outside the pleadings,
such as affidavits." *LeBlanc v. Cleveland*, 198 F.3d 353, 356 (2d Cir. 1999).

[76]     *See* 28 U.S.C. § 1332(a)(1); *see also Owen Equip. & Erection Co. v.
Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original) ("diversity jurisdiction
does not exist unless *each* defendant is a citizen of a different state from *each*
plaintiff"); *St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*, 409
F.3d 73, 80 (2d Cir. 2005) (citation omitted) (same).

[77]     *See* 28 U.S.C. § 1367(c)(3) (district court may decline to exercise
supplemental jurisdiction over a claim if, inter alia, "the district court has
dismissed all claims over which it has original jurisdiction"); *see also Martinez v.
Simonetti*, 202 F.3d 625, 636 (2d Cir. 2000) (directing dismissal of state law
claims when no federal claims remained).

[78]     *See Adams v. Intralinks, Inc.*, No. 03 Civ. 5384, 2004 WL 1627313,
at *8 (S.D.N.Y. July 20, 2004) (quotation and citation omitted) ("in the usual case
in which all federal law claims are eliminated before trial, the balance of factors to
be considered under the [supplemental] jurisdiction doctrine — judicial economy,

Even if I were to exercise supplemental jurisdiction, I would dismiss

all of Weinraub's remaining claims pursuant to Rule 12(b)(6). His claims relating

to breach of fiduciary duty and the request to vacate the arbitration award are

barred by res judicata for the reasons already discussed.[79] Weinraub's claim

against the Arbitrator Defendants for breach of contract is barred by the doctrine

of arbitral immunity, which provides that "arbitrators in contractually agreed upon

arbitration proceedings are absolutely immune from liability in damages for all

acts within the scope of the arbitral process."[80] Weinraub fails to state a claim for

defamation because he does not allege that any defendant made a false statement

about him.[81] Finally, Weinraub's conspiracy claim against defendants fails

---

convenience, fairness, and comity — will point toward declining to exercise
jurisdiction over the remaining state law claims.").

[79]     *See supra* notes 63-65 and accompanying text. In any case,
challenges to the 2002 arbitration award are long since barred by both the federal
and New York statute of limitations. *See* 9 U.S.C. § 12 (party must move to
vacate arbitration award within three months of issuance); *see also* N.Y. C.P.L.R.
§ 7511(a) ("[a]n application to vacate or modify an award may be made by a party
within ninety days after its delivery to him.").

[80]     *Austern v. Chicago Bd. of Options Exch., Inc.*, 898 F.2d 882, 886 (2d
Cir. 1990). *Accord Prudential Bache-Securities (Hong Kong) Ltd. v. NASD
Dispute Resolution, Inc.*, 289 F. Supp. 2d 438, 440 (S.D.N.Y. 2003) (NASD
arbitrators enjoy arbitral immunity).

[81]     *See Karedes v. Ackerley Group*, — F. 3d —, No. 04-2376-CV, 2005
WL 2174407, at *4 (2d Cir. Sept. 9, 2005) (among the elements of defamation

because there is no "conspiracy" tort as such under New York law.[82]

## C.    Rule 11 Sanctions

All defendants have urged the Court to impose sanctions. The Broker Defendants assert, and I agree, that Weinraub's attempt to plead a federal securities law claim triggers the provision of the PSLRA requiring a court, upon final adjudication of an action, to "include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion."[83] The Broker Defendants argue that sanctions are appropriate because, inter alia, Weinraub's allegations

---

under New York law is that a statement is false).

[82]    *See, e.g., Internet Law Library, Inc. v. Southridge Capital Mgm't,* 223 F. Supp. 2d 474, 490 (S.D.N.Y. 2002) ("It is well-settled that New York law does not recognize an independent cause of action for civil conspiracy."). While New York does recognize a derivative cause of action for civil conspiracy based on an underlying tort, *see Sedona Corp. v. Landenburg Thalmann & Co.,* No. 03 Civ. 3120, 2005 WL 1902780, at *17 (S.D.N.Y. Aug. 9, 2005), plaintiff fails adequately to allege any such underlying tort.

[83]    15 U.S.C. § 78u-4(c)(1). If the court determines that there has been a violation of Rule 11, the PSLRA imposes mandatory sanctions and adopts a rebuttable presumption that the appropriate sanction for noncompliance "is an award to the opposing party of the reasonable attorneys' fees and other expenses incurred." 15 U.S.C. § 78u-4(c)(3)(A)(i)-(ii).

against them were clearly barred by res judicata and the statute of limitations.[84]

The Arbitrator Defendants have already filed a separate motion for sanctions pursuant to Rule 11.[85] They advise the Court that Weinraub was served with this motion on August 30, 2005, complying with the twenty-one day safe harbor provided by Rule 11.[86] The Arbitrator Defendants argue that sanctions are justified because plaintiff insisted on maintaining this action even after the Arbitrator Defendants brought to his attention controlling caselaw establishing that a) the Arbitrator Defendants are not state actors; and b) that arbitrators enjoy immunity from liability arising from decisions made during arbitration.[87]

---

[84]     *See* Brokers' Mem. at 16-17.

[85]     *See generally* Dispute Resolution Defendants' Memorandum of Law in Support of their Motion Against Plaintiff and Plaintiff's Counsel for Rule 11 Sanctions ("Rule 11 Mem.") (filed on September 27, 2005).

[86]     *See* Reply Memorandum in Support of Dispute Resolution Defendants' Motion to Dismiss Plaintiff's First Amended Complaint at 10. Fed. R. Civ. P. 11(c)(1)(A) provides in pertinent part that a Rule 11 motion "shall be served [on the opposing party], but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected."

[87]     *See* Rule 11 Mem. at 8-9. The Arbitrator Defendants also note that, at a June 23, 2005 initial conference in this matter, I warned plaintiff's counsel that court-initiated sanctions might be imposed if plaintiff did not dismiss the Arbitrator Defendants from this action. *See id.* at 8.

-23-

The present Opinion and Order constitutes a "final adjudication" within the meaning of the PSLRA. Accordingly, this Court must make the Rule 11 findings mandated by that statute.[88] Based on a preliminary review of the record, it seems probable that Rule 11 was violated in this case. Weinraub's claims appear to be frivolous, clearly precluded by existing (and well-settled) law, and unsupported by any cognizable argument for the modification of existing law. Moreover, given the strangeness of many of Weinraub's arguments, and the general disorganization of his papers, this case is similar to a recent Rule 11 case where I noted that "[s]ome of plaintiffs' claims and arguments . . . seem so ill-defined and incoherent that they are, in the words of the physicist Wolfgang Pauli, 'not even wrong.'"[89]

Pursuant to the PSLRA's command that "[p]rior to making a finding that any party or attorney has violated [Rule 11], the court shall give such party or attorney notice and an opportunity to respond,"[90] plaintiff and his counsel shall show cause within fourteen days from the date of this Opinion and Order why

---

[88]     *See* 15 U.S.C. § 78u-4(c)(1).

[89]     *Adams v. Intralinks, Inc.*, No. 03 Civ. 5384, 2005 WL 427878, at *5 (S.D.N.Y. Feb. 22, 2005) (citation omitted).

[90]     15 U.S.C. § 78u-4(c)(2).

-24-

sanctions should not be imposed under Rule 11.[91] All defendants shall file

responses (either jointly or separately) within fourteen days of receipt of plaintiff's

submission. Defendants shall specify the nature of the sanctions that they believe

are appropriate.[92]

## V. CONCLUSION

For the foregoing reasons, plaintiff's Complaint is dismissed in its

entirety, with prejudice.[93] In addition, plaintiff's "Motion for Oral Argument" is

---

[91]     This submission should address Rule 11 sanctions with regard to all of Weinraub's claims, including those for which the Arbitrator Defendants have already filed a Rule 11 motion. In addition, because sanctions may be imposed against plaintiff, plaintiff's counsel or both, any submission must address the conduct of plaintiffs and plaintiff's counsel independently.

[92]     The Arbitrator Defendants have already requested that the court impose "economic sanctions against plaintiff and plaintiff's counsel in an amount to be determined by the court." Rule 11 Mem. at 10.

[93]     Weinraub has asked for leave to replead his complaint in event of dismissal. *See* Plaintiffs' Memorandum of Law in Opposition to Defendants NASD, Carter, Mendley and Bolnick's Motion to Dismiss Amended Complaint at 10. However, granting leave to amend would be inappropriate for two reasons. *First*, Weinraub has already amended his Complaint once, after both groups of defendants had moved to dismiss his original Complaint, and submitted briefs in support of those motions. *Second*, further amendment of his Complaint would be futile. *See Rampersad v. Deutsche Bank Sec.*, No. 02 Civ. 7311, 2004 WL 616132, at *8 (S.D.N.Y. Mar. 30, 2004) (dismissing action with prejudice, when "plaintiff has had, taking into account [arbitration proceedings], four opportunities to plead his claims, and he filed his Amended Complaint after briefing Defendants' motions to dismiss the original complaint.").

denied as moot. The Clerk is directed to close the pending motions [numbers 43, 48, and 55 on the docket sheet]. The parties shall brief the issue of sanctions in accordance with the schedule set forth above.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:     New York, New York
           October 11, 2005

# - Appearances -

**For Plaintiff:**

Alan Paul Weinraub, Esq.
137A Lake Street
Rouses Point, NY 12979
(518) 297-3900

**For Defendants Glen Rauch Securities, Bear, Stearns & Co., and Valley National Bank:**

David S. Smith, Esq.
Smith Campbell, LLP
110 Wall Street
New York, NY 10005
(212) 344-1500

**For Defendants NASD Dispute Resolution, Inc., Mark Mendley, David C. Carter and David R. Bolnick:**

Terri L. Reicher
Associate General Counsel
National Association of Securities Dealers, Inc.
1735 K Street, N.W.
Washington, DC 20006
(202) 728-8967